IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:12-CR-10-D
No. 2:14-CV-23-D

| | | |
|---|---|---|
| KENNY FELTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

On April 28, 2014, Kenny Felton ("Felton") filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 126-month sentence [D.E. 215]. On September 5, 2014, the United States ("government") moved to dismiss Felton's section 2255 motion [D.E. 227]. On September 24, 2014, Felton responded to the government's motion [D.E. 230]. As explained below, the court grants the government's motion to dismiss and dismisses Felton's section 2255 motion.

I.

On May 17, 2012, a federal grand jury in the Eastern District of North Carolina charged Felton with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count one). See Indictment [D.E. 1]. On October 1, 2012, Felton pleaded guilty, pursuant to a written plea agreement to count one. See [D.E. 55, 232].

On July 16, 2013, the court sentenced Felton to 126 months' imprisonment and 4 years of supervised release. See Sentencing Tr. [D.E. 233] 14. At the sentencing hearing, the court found that Felton was a career offender under U.S.S.G. § 4B1.1. See id. 12; Presentence Investigation

Report ("PSR") [D.E. 160] ¶ 53. Thus, Felton's total offense level was 31, his criminal history category was VI, and his advisory guideline range was 188 to 235 months' imprisonment. See Sentencing Tr. 5; PSR ¶¶ 50–53, 85, 88. Felton did not object to the advisory guideline range. See Sentencing Tr. 5–6. The court then granted the government's motion under U.S.S.G. § 5K1.1, considered all relevant section 3553(a) factors, considered the arguments of counsel, considered Felton's allocution, and sentenced Felton to 126 months' imprisonment. See id. 6–7, 11–15. Judgment was entered on July 19, 2013, and Felton did not appeal. See [D.E. 166].

In Felton's 2255 motion, Felton asserts that the court improperly designated him a career offender based on prior convictions not alleged in the indictment and thereby violated Alleyne v. United States, 133 S. Ct. 2151 (2013). See Pet. Attach. [D.E. 215-1] 1–7; [D.E. 230] 5–6. Felton also asserts that his counsel provided constitutionally ineffective assistance by failing to understand the relevant facts and law before advising Felton to plead guilty. See [D.E. 230] 1–4. Felton specifically complains that he would have gone to trial had counsel told him that he might receive a 126-month sentence. See id. 4.

In analyzing a motion to dismiss under Rule 12(b)(6), a court need not accept a complaint's legal conclusions drawn from the alleged facts. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the

2

case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993).

The appellate waiver in Felton's plea agreement bars Felton's first claim. In his plea agreement, Felton agreed

> [t]o waive knowingly and expressly all rights . . . to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Felton] at the time of [his] guilty plea.

Plea Agreement [D.E. 55] ¶ 2(c). An appellate waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013). At his Rule 11 hearing, Felton affirmed that he had read and discussed his plea agreement with his lawyer, that he understood each provision in the plea agreement, and that the plea agreement was the entire agreement that he had with the government. See Rule 11 Tr. [D.E. 232] 20–21. The court then read Felton's appellate waiver to him, and Felton affirmed that he understood the rights he was giving up in the waiver. See id. 21–22. Thus, Felton's waiver was valid.

3

Moreover, Felton reserved only the right to file a section 2255 motion "based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [him] at the time of [his] guilty plea." Plea Agreement ¶ 2(c). Felton's claim concerning Alleyne and his career-offender status do not involve ineffective assistance of counsel or prosecutorial misconduct. Thus, the claim falls within the scope of his appellate waiver. See Copeland, 707 F.3d at 529–30. Accordingly, the court enforces Felton's waiver and dismisses Felton's first claim.

Alternatively, Alleyne does not help Felton. In Alleyne, the Supreme Court held that any fact (other than a prior conviction) supporting an enhanced mandatory minimum sentence must be alleged in the indictment and be admitted by the defendant or found by a jury beyond a reasonable doubt. See Alleyne, 133 S. Ct. at 2155, 2159–60. However, Alleyne was decided on direct review and does not apply retroactively on collateral review. See, e.g., Whorton v. Bockting, 549 U.S. 406, 416–18 (2007) (describing framework used to analyze retroactivity on collateral review); United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (per curiam) (unpublished) (noting that Alleyne is not retroactively applicable to cases on collateral review); see also Hughes v. United States, 770 F.3d 814, 818–19 (9th Cir. 2014) (same); In re Mazzio, 756 F.3d 487, 488 (6th Cir. 2014) (same); United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014) (same); United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014) (same); United States v. Redd, 735 F.3d 88, 91–92 (2d Cir. 2013) (per curiam) (same); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam) (same); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) (same); accord United States v. Morris, 429 F.3d 65, 71–72 (4th Cir. 2005) (holding that Booker is not retroactively applicable to cases on collateral review).

Alternatively, even if Alleyne applied retroactively, it would not help Felton. Alleyne does not impact a court's ability to consider prior convictions at sentencing for purposes of a recidivism

4

enhancement (such as the career offender guideline). See Alleyne, 133 S. Ct. at 2160 n.1; see also James v. United States, 550 U.S. 192, 214 n.8 (2007); Cunningham v. California, 549 U.S. 270, 282 (2007); Almendarez-Torres v. United States, 523 U.S. 224, 239–48 (1998). Furthermore, Alleyne has no impact on a court's ability to apply the advisory sentencing guidelines and make findings of fact, including findings concerning prior convictions. See, e.g., Alleyne, 133 S. Ct. at 2163; United States v. Benn, 572 F. App'x 167, 179–80 & n.4 (4th Cir. 2014) (per curiam) (unpublished) (collecting cases); United States v. Gibbs, 547 F. App'x 174, 185 n.4 (4th Cir. 2013) (per curiam) (unpublished); United States v. Ramirez-Negron, 751 F.3d 42, 48–49 (1st Cir. 2014) (collecting cases); United States v. Johnson, 732 F.3d 577, 583–84 (6th Cir. 2013); United States v. Claybrooks, 729 F.3d 699, 707–08 (7th Cir. 2013). Accordingly, Felton's Alleyne claim fails.

Alternatively, Felton's challenge to the court's calculation of his advisory guideline range is not cognizable under section 2255. Simply put, the alleged error cannot surmount section 2255's procedural bar where (as here) Felton received a sentence that did not exceed the statutory maximum. See 28 U.S.C. § 2255(a); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); United States v. Mikalajunas, 186 F.3d 490, 495–97 (4th Cir. 1999).

Next, the court addresses Felton's ineffective assistance of counsel claim. "The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's

5

ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687, 691–96; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695. When analyzing an ineffective assistance of counsel claim in a section 2255 motion, a court may rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

6

Felton claims that his attorney provided ineffective assistance of counsel by failing to understand the relevant facts and law before advising Felton about pleading guilty. See [D.E. 230] 3. Specifically, Felton complains that he would have gone to trial had counsel told him that he might receive a 126-month sentence. See id. 3–4.

The record belies Felton's claim. During Felton's Rule 11 hearing, the court advised Felton of, and Felton swore that he understood, the charges against him, the maximum potential penalties associated with those charges, and the consequences of pleading guilty. Rule 11 Tr. 15–19. The court also advised Felton, and Felton swore that he understood, that the court would determine the appropriate sentence in his case, that no estimate or promise that Felton's attorney or anyone else made about the advisory guideline range or the sentence would be binding on the court, and that the court could impose the maximum sentence of 480 months' imprisonment. Id. 19–22. The court also discussed Felton's plea agreement with him at his Rule 11 hearing. As mentioned, Felton swore that he had reviewed the entire agreement with his lawyer, that he understood each provision in the plea agreement, and that the plea agreement was the entire agreement that he had with the government. See id. 20–22. Tellingly, the plea agreement states that the court retained discretion over Felton's sentence. See Plea Agreement ¶¶ 1, 3(c), 5. During his Rule 11 hearing, Felton also swore that he understood his rights under the Constitution and laws of the United States, that he had consulted with his lawyer about his plea, that he was satisfied with his lawyer's services, and that he was aware that he would be waiving numerous trial rights by pleading guilty. Id. 14–15, 20–24.

The court is entitled to rely on the sworn statements that Felton made at his Rule 11 hearing. See Blackledge, 431 U.S. at 73–74; United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005). Thus, the court's Rule 11 hearing cured any potential prejudice arising from Felton's allegation that his lawyer did not tell Felton that he could receive a 126-month sentence. See, e.g., United States

7

v. Foster, 68 F.3d 86, 87–88 (4th Cir. 1995); United States v. Craig, 985 F.2d 175, 179–80 (4th Cir. 1993) (per curiam). Accordingly, Felton's second claim fails.

After reviewing the claims presented in Felton's motion, the court determines that reasonable jurists would not find the court's treatment of any of Felton's claims debatable or wrong, and that none of his claims deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 227], DISMISSES Felton's section 2255 motion [D.E. 215], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 29 day of January 2015.

JAMES C. DEVER III
Chief United States District Judge